PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL C. LYON, | ) | |
| | ) | CASE NO.  1:14CV2541 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| AMERICAN RECOVERY SERVICE, INC., | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 17] |

Plaintiff Michael C. Lyon brought this action against American Recovery Service, Inc. alleging claims pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  Pending is Defendant's Motion for Summary Judgment (ECF No. 17).  The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law.  For the reasons set forth below, the motion is granted.

### I.  Stipulated Facts

The stipulated facts[1] are as follows:

1.  There are two American Express accounts that are relevant to this case, both of which were opened on behalf of MGM Construction, Inc.

2.  One of these accounts ended in 1008.

3.  The other account ended in 1003.

---

[1] *See* Written Stipulation as to All Uncontested Facts (ECF No. 19).

(1:14CV2541)

    4.  Both American Express accounts were used solely for company expenses.

    5.  Michael Lyon is the owner of MGM Construction, Inc.

    6.  American Express sued Michael Lyon personally on both accounts in Cuyahoga Common Pleas Court.

    7.  In Cuyahoga Common Pleas Case 681987, the arbitration panel found in favor of Michael Lyon.

    8.  Cuyahoga Common Pleas Cases 685097 and 771067 were both dismissed as to Michael Lyon by American Express without prejudice.

    9.  American Recovery Service, Inc. contacted Michael Lyon to collect on those accounts because they were delinquent.

    10.  In 2011, American Recovery Service, Inc. sent demand letters addressed only to Michael Lyon that do not mention the name of MGM Construction, Inc.  *See* ECF No. 1 at PageID #: 4, 8.

## II.  Background

    On November 18, 2014, Plaintiff filed a Complaint (ECF No. 1) against Defendant.  It alleges:

    6.        On April 4, 2011, Defendant through its employee or agent contacted Plaintiff in writing and alleged in writing that there was a "CURRENT JUDGMENT BAL DUE" from Plaintiff to American Express [in] the sum of $63,619.65 ARISING OUT OF Cuyahoga County Common Pleas Court case CV 09 681987.  See Exhibit A.

                                  \*   \*   \*

    9.        Defendant, despite having been provided with a copy of the actual court finding, on October 19, 2011 still insists that there is in fact a "court-ordered judgment" against Plaintiff in favor of American Express in the

(1:14CV2541)

> sum of $63,619.55 and attempts to collect payment on the alleged debt. See Exhibit C.
>
> 10.    On November 18, 2013 Defendant through its employee or agent once again contacted Plaintiff by telephone alleging that there was a civil judgment rendered against him personally.

ECF No. 1 at PageID #: 2.  The Complaint (ECF No. 1) specifically alleges violations of 15 U.S.C §§ 1692e ("falsely representing the character or legal status of an alleged debt"), 1692f ("failing to validate the alleged debt"),[2] and 1692b ("communicating directly with the Plaintiff after having actual knowledge that the Plaintiff is represented by counsel").  ECF No. 1 at PageID #: 2, ¶ 12.[3]

### III.  Standard of Review

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005).  The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party must "show that the non-moving party has

---

    [2]  Section 1692f does not deal with the validation of debts, so the Court construes ¶ 12b. as alleging a violation of § 1692g.  *See* Section IV.D. *infra*.

    [3]  On October 7, 2015, the above-entitled action was reassigned from Judge Lesley Wells to the undersigned pursuant to General Order No. 2015-12.

(1:14CV2541)

failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." *Guarino v. Brookfield Twp. Trustees.*, 980 F.2d 399, 403 (6th Cir. 1992).

Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute.  An opposing party may not simply rely on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky. Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).  The non-moving party must, to defeat the motion, "show that there is doubt as to [whether] the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino*, 980 F.2d at 403.  In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

The United States Supreme Court, in deciding *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), stated that in order for a motion for summary judgment to be granted, there must be no genuine issue of material fact. *Id.* at 248.  The existence of some mere factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007).  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  In determining whether a factual issue is "genuine," the court must decide whether the evidence is such that reasonable jurors could find that the non-moving party is entitled to a verdict. *Id.*  Summary judgment "will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*  To withstand

4

(1:14CV2541)

summary judgment, the non-movant must show sufficient evidence to create a genuine issue of

material fact.  *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990).  The existence of a

mere scintilla of evidence in support of the non-moving party's position ordinarily will not be

sufficient to defeat a motion for summary judgment.  *Id.*

### IV.  Analysis

A.      **The FDCPA Claim Fails Because There Was No "Debt" Pursuant to 15 U.S.C. § 1692a(5)**

Because the debt at issue in the case at bar is admittedly a commercial debt, Defendant is

entitled to judgment as a matter of law.  As stated by the district court in *Harden v. Autovest,*

*L.L.C.*, No. 1:15-cv-34, 2016 WL 3049308 (W.D. Mich. May 31, 2016):

> To prevail on a claim under the FDCPA . . ., Plaintiff must establish, among other
> things, that he is a "consumer" as defined by those statutes and that the "debt" at
> issue arose out of a transaction which was " 'primarily for personal, family or
> household purposes[.]'"  *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, [326]
> (6th Cir. 2012) ([citing] *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F.
> Supp.2d 914, 926 (N.D. Ohio 2009)); *see* 15 U.S.C. § 1692a(5) (defining "debt"
> under the FDCPA); . . . .  The Court must focus on the purpose for which the debt
> was incurred.  *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 698
> F.3d 290, 294 (6th Cir. 2012).  Debts that were not incurred primarily for
> personal, family or household reasons are not "debts" covered by the FDCPA.
> *See Van Eck v. BAL Global Finance, LLC*, No. 08-CV-13436, 2009 WL 3210992,
> at *1 (E.D. Mich. Sept. 30, 2009) (dismissing FDCPA claim where debt was
> incurred for commercial purposes).

*Id.* at *1.  The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to

pay money arising out of a transaction in which the money, property, insurance, or services

which are the subject of the transaction are *primarily for personal, family, or household*

*purposes*, whether or not such obligation has been reduced to judgment."  15 U.S.C. § 1692a(5)

(emphasis added).  "Based upon this language, courts have found that attempts to collect

(1:14CV2541)

business debt are not covered by the Act, even where the collection efforts were directed at an individual." *Schram v. Federated Fin. Corp. of Am.*, No. 06-12700, 2007 WL 1238863, at *1 (E.D. Mich. April 27, 2007) (citing *First Gibraltar Bank FSB v. Smith*, 62 F.3d 133, 135-36 (5th Cir.1995); *Slenk v. Transworld Sys.*, 236 F.3d 1072, 1074 (9th Cir. 2001)).  "[A]ctions arising out of commercial debts are not covered by the protective provisions of the FDCPA." *Goldman v. Cohen*, 445 F.3d 152, 154 n. 1 (2d Cir. 2006) (citing *First Gibraltar*, 62 F.3d at 135-36).

> Plaintiff testified as follows:
>
> Q.      What was the dispute?
> A.      That it wasn't -- that [the credit bureaus] linked -- they were linking it to me, personally, and it *wasn't personal debt*.
> > \*   \*   \*
> Q.      Two American Express accounts that were opened on behalf of MGM, Inc. or MGM Construction, Inc.?
> A.      MGM Construction, Inc.
> > \*   \*   \*
> Q.      And the company -- or the cards would have been used for company expenses only, right?
> A.      Correct.

Deposition of Michael C. Lyon (ECF No. 17-1) at PageID #: 92 (emphasis added).  The parties in the case at bar have also stipulated that "[b]oth American Express accounts were used solely for company expenses." ECF No. 19 at PageID#: 151, ¶ 4.

Plaintiff argues that there are certain situations where a "business debt" falls under the definition of "debt" in 15 U.S.C. § 1692a(5), *i.e.*, "when an individual is wrongly accused of owing a debt" based solely upon the debt collector's actions in attempting to collect. Memorandum in Opposition (ECF No. 20) at PageID #: 157.  Plaintiff contends that Defendant

6

(1:14CV2541)

transformed the business accounts into "primarily for personal, family, or household" debt when it said that Plaintiff was personally liable.

Plaintiff is incorrect for two reasons.  First, whether a person is personally liable for an obligation is not the test for determining if the obligation is a "debt" under § 1692a(5). Moreover, whether Defendant believed Plaintiff had personally guaranteed the commercial obligation to American Express does not change the purpose for which the obligation was incurred.  Second, a debt collector's actions are not relevant to a determination of whether the obligation in question is "debt" that is regulated by the FDCPA.  *See Haddad*, 698 F.3d at 294 ("the statute's definition of a 'debt' focuses on the transaction creating the obligation to pay"). Defendant's statements or actions are irrelevant to the purpose for which the obligation was incurred.

Furthermore, the non-binding cases cited by Plaintiff in support of his reasoning,[4] are distinguishable from the case at bar for the reasons articulated by Defendant.  *See* Reply Memorandum (ECF No. 21) at Pages 183-85.  Unlike the cases cited by Plaintiff, the instant case does not involve mistaken or stolen identity, nor does it involve a debt, the nature of which is unknown to the parties.

---

[4] *Swearingen v. Portfolio Recovery Assoc., LLC*, 892 F. Supp.2d 987, 991 (N.D. Ill. 2012); *Crafton v. Law Firm of Jonathan B. Levine*, 957 F. Supp.2d 992 (E.D. Wisc. 2013); *Davis v. Midland Funding, LLC*, 41 F. Supp.3d 919, 925 (E.D. Cal. 2014); *Dunham v. Portfolio Recovery Assoc., LLC*, 663 F.3d 997, 1002 (8th Cir. 2011); *Gonzalez v. Law Firm of Sam Chandra, APC*, No. 13-CV-0097-TOR, 2013 WL 4758944, at *2-3 (E.D. Wash. Sept. 4, 2013); and *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174 (W.D.N.Y. 1988).

7

(1:14CV2541)

Assuming *arguendo* that the accounts in question fall under the FDCPA, the Court addresses the remaining arguments of Defendant.

### B.     Statute of Limitations

Defendant also moves the Court to dismiss any FDCPA claim made by Plaintiff that is based upon allegations occurring prior to November 18, 2013 on the ground that they are barred by the one-year statute of limitations for FDCPA claims.  Civil actions under the FDCPA may be brought "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d). The FDCPA violations described in ¶¶ 6 and 9 of the Complaint (ECF No. 1) fall outside the statute of limitations, as the November 18, 2014 complaint was filed over a year after the interactions with Defendant that occurred between April 4, 2011 and October 19, 2011.

### C.     Alleged Violation of 15 U.S.C. § 1692e

Plaintiff claims that Defendant falsely represented the character or legal status of the debt to him.  ECF No. 1 at PageID #: 2, ¶ 12a.  "In order to establish a claim under § 1692e:  (1) plaintiff must be a 'consumer' as defined by the Act; (2) the 'debt' must arise out of transactions which are 'primarily for personal, family or household purposes;' (3) defendant must be a 'debt collector' as defined by the Act; and (4) defendant must have violated '§ 1692e's prohibitions.'" *Wallace*, 683 F.3d at 326 (citing *Whittiker*, 605 F. Supp.2d at 926.  As stated above, because the accounts are admittedly business debts, any alleged FDCPA claim fails.

8

(1:14CV2541)

**D.  Alleged Violation of 15 U.S.C. § 1692f**

Next, Plaintiff alleges that "Defendant violated 15 U.S.C.A. § 1692(f) (sic) by failing to validate the alleged debt." ECF No. 1 at PageID #: 2, ¶ 12b. Section 1692f does not deal with the validation of debts, but rather with "unfair practices."

Under 15 U.S.C. § 1692g, a debt collector's initial communications with a consumer must state that the consumer has a thirty-day period in which to demand verification of the debt.[5] "If the consumer notifies the debt collector in writing within the thirty-day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment. . . ." 15 U.S.C. § 1692g(b). A debt collector is only required to validate a debt under § 1692g when the debt falls within the scope of the FDCPA. Because the accounts are business debts, Defendant was not required to validate the alleged debt in the same manner as it would a consumer debt. In addition, for the reasons stated above, this alleged April 2011 violation is beyond the statute of limitations.

**E.  Alleged Violation of 15 U.S.C. § 1692b**

Finally, Plaintiff alleges that Defendant "communicating directly with [him] after having actual knowledge that the Plaintiff is represented by counsel" in violation of § 1692b. ECF No. 1 at PageID #:2, ¶ 12c. Because this debt is not subject to the FDCPA, this claim also fails.

---

[5] The letter dated April 4, 2011 (ECF No. 1 at PageID #: 4) complies with the notice and content requirements of § 1692g(a).

9

(1:14CV2541)

## V.  Conclusion

Viewing Plaintiff's probative evidence and all reasonable inferences drawn therefrom in the light most favorable to Plaintiff, the Court concludes that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law.  For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 17) is granted.  Final judgment will be entered in favor of Defendant and against Plaintiff on the Complaint (ECF No. 1).


IT IS SO ORDERED.


 September 6, 2016                           /s/ Benita Y. Pearson
Date                                        Benita Y. Pearson
                                            United States District Judge

10